UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DANIEL FRANCIS SULLIVAN,**

    Petitioner,

v.                                                CASE NO. 3:14mc64-MCR/EMT

**ELIZABETH ANN SULLIVAN,**

    Defendant.
_____/

## ORDER

    Pending before the Court is the Verified Petition for Return of Child to Canada and Issuance of Show Cause Order filed by Petitioner Daniel Francis Sullivan ("Petitioner" or "Father"). This Order addresses only the Petitioner's request for a Show Cause Order and makes no determination as to the merits of the Verified Petition for Return. Respondent Elizabeth Ann Sullivan ("Respondent" or "Mother") was served with the Verified Petition on August 25, 2014 (doc. 6).

    The Verified Petition was filed pursuant to The Convention on the Civil Aspects of International Child Abduction, October 25, 1980[1] ("Hague Convention" or "Convention") and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601, *et seq.* The Convention came into effect in the United States of America on July 1, 1988 and was also ratified between the United States of America and Canada on July 1, 1988.[2] The Hague Convention sets a goal of six weeks from the date of filing for the determination of the merits of a wrongful removal or wrongful retention case. Convention, art. 11. The Eleventh Circuit has approved expeditious treatment of petitions filed pursuant to the Convention and ICARA. *See Lops v. Lops*, 140 F.3d 927, 943-44 (11th Cir. 1998). Article 3 of the Convention provides that "the removal of a child is wrongful where it violates the

---

[1] T.I.A.S. No. 11,670 at 1, 19 I.L.M. 1501 (1986).

[2] See Hague Abduction Convention Country List.
Text available at: http://travel.state.gov/abduction/resources/congressreport/congressreport_1487.html

custody rights of another person that were actually being exercised at the time of the removal or retention or would have been exercised but for the removal or retention." *Lops*, 140 F.3d at 935. If the child was wrongfully removed, the child must be returned "forthwith" unless the Respondent establishes one of the Convention's affirmative defenses. *See Baran v. Beaty*, 526 F.3d 1340, 1344 (11th Cir. 2008). "A court considering an ICARA petition has jurisdiction to decide the merits only of the wrongful removal claim, not of any underlying custody dispute." *Lops,* 140 F.3d at 936.

Pursuant to this authority, Petitioner filed the Verified Petition on August 22, 2014, seeking expedited relief from this Court to secure the return to Canada of his minor child, DFS, who is currently located within the Northern District of Florida. The Father represents in the Verified Petition that DFS was born in Toronto, Ontario in 2011; is a Canadian citizen; and has previously habitually lived in Canada. It is further alleged that Respondent has wrongfully retained the child in Florida in violation of the Father's custody rights, after the parties had agreed the Mother and child could travel to Florida for only a short visit in July 2013, returning on September 6, 2013. They did not return, and in January 2014, the Mother initiated state court divorce proceedings. No custody orders have been entered in that proceeding.

Accordingly, on consideration of the Verified Petition, the Convention, and ICARA, it is ORDERED as follows:

1. The parties shall appear before this Court on **Thursday, September 11, 2014**, **at 1:00 p.m. Central Time** in Courtroom 5 of the United States District Court for the Northern District of Florida, Pensacola Division, One North Palafox Street, Pensacola, Florida 32502 for an evidentiary hearing on the merits of the Verified Petition for Return of the Child to Canada, at which time Respondent shall show cause why the Verified Petition should not be granted. The Respondent may appear with or without counsel.

2. On or before the **close of business on Wednesday, September 10, 2014**, Respondent shall file with this Court and serve on counsel for Petitioner a written response to the Verified Petition.

3. Respondent is prohibited from removing the minor child, DFS, born in 2011, or causing the minor child to be removed from the jurisdiction of this Court pending final disposition of the above-referenced Verified Petition.

4.	Petitioner shall serve a copy of this Order on Respondent (or her counsel of record if counsel has appeared) by overnight mail within one business day after the entry of this Order.

**DONE AND ORDERED on this 4th day of September, 2014.**

*M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**